**Robert E. Franz, Jr.    OSB #730915**
E-Mail:  rfranz@franzlaw.comcastbiz.net
LAW OFFICE OF ROBERT E. FRANZ, JR.
P.O. Box 62
Springfield, OR  97477
Telephone:  (541) 741-8220
Facsimile:  (541) 741-8234
  Of Attorneys for Defendants Will Stutesman,
Officer Grose, Officer Pieske, Sgt. McAlpine,
and the City of Eugene.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **RONDA MCGOWAN**, Personal Representative for the Estate of Brian Babb, **LEE BABB, CONNOR BABB**, by and through his Guardian Ad Litem, **STEPHANIE WOODCOCK**, and **KAYLEE BABB**,<br><br>           Plaintiffs,<br><br>     vs.<br><br>**WILL STUTESMAN, OFFICER GROSE, OFFICER PIESKE, SGT. MCALPINE, CITY OF EUGENE,** a municipal subdivision of the State of Oregon, **JANE DOE CALL TAKER**, and John and Jane Does 1-10.<br><br>           Defendants. | Case No.  6:17-cv-00424-TC<br><br>**Declaration of**<br>Peter Kerns |

Page 1  -  Declaration of Peter Kerns.

I, Peter Kerns hereby declare under penalty of perjury as follows:

I am over the age of 18 years, and I make this declaration based on my personal knowledge of the facts contained herein.

On March 30, 2015, I was the Chief of Police for the City of Eugene, Oregon. I started my career with the City of Eugene in 1981, when I became a reserve officer. I was hired by the City of Eugene as a Police Officer in 1983. Over the years, I was promoted to various positions, serving as a patrol officer, a corporal, a detective, a member of INET, a sergeant, a lieutenant, a captain, the interim chief of police, and then Chief of Police.

I have personal knowledge of the policies, practices, and customs governing the Eugene Police Department during my employment with the City of Eugene.

When I was a police officer with the City of Eugene, and when I was the Chief of Police for the City of Eugene, there was never a policy, practice or custom of the Eugene Police Department for its police officers performing their duties to exercise a deliberate indifference and/or callous disregard for the rights, safety, and welfare of anyone, and this includes when an officer uses force to protect the safety of themselves or others. In fact, it has always been the policy, practice, and custom of the Eugene Police Department for its employees and officers to follow the requirements of the laws of the State of Oregon and the requirements of the Constitution of the United States when they are performing their duties for the City of Eugene, and when they are using force to carry out their responsibilities as police officers.

When I was a police officer with the City of Eugene, and when I was the Chief of Police for the City of Eugene, there was never a policy, practice or custom of the Eugene Police Department of failing to follow the statutes of the State of Oregon, which prescribe a certain minimum amount of training for police officers employed by police departments in the State of Oregon. In fact, it was the

Page 2 - Declaration of Peter Kerns.

policy, practice, and custom of the Eugene Police Department that all of its police officers employed by the Eugene Police Department complete the minimum amount of training required by the statutes and administrative rules of the State of Oregon, including ORS 181.640, and the requirements of the Department of Public Safety Standards and Training of the State of Oregon.

I have reviewed the allegation in paragraphs 111 and 113 of Plaintiffs' Complaint that the City of Eugene "has a policy, custom or procedure which allows officers to shoot suspects when there is no threat of deadly force, open fire without warning and without an awareness of the totality of circumstances which would not justify such use of force" and that the "City of Eugene has a policy of failing to train officers in several particulars relating to a response to a crisis situation." The City does not have any such policies, customs or practices.

The City has written policies on the use of force and deadly force. The City does not train officers that they are allowed to use more force than is constitutionally permitted. On the contrary, the City trains officers to use only that force that reasonably appears necessary, given the totality of the circumstances perceived by the officer at the time of the event, to effectively gain control of an incident. The City trains officers that any use of force must be objectively reasonable. The City trains officers to endeavor to de-escalate confrontations through tactical communication, warnings, and other common sense methods preventing the need to use force whenever reasonably possible. In addition the City trains officers on crisis intervention techniques and how to respond to individuals in mental health crisis.

The City trains officers that deadly force is authorized only when and to the extent the officer reasonably believes that deadly force is immediately necessary to protect them or others from what he or she reasonably believes would be an imminent threat of death or serious physical injury or to arrest or prevent the

Page 3 - Declaration of Peter Kerns.

escape of a suspect when the officer has probable cause to believe that the suspect has committed, or intends to commit, a felony involving the infliction or threatened infliction of serious physical injury or death, and the officer reasonably believes that there is an imminent or potential risk of serious physical injury or death to others if the suspect is not immediately apprehended. There was and never has been a policy to the contrary.

    The City does not encourage, condone, or acquiesce in the use of excessive force by any of its police officers. To the contrary, the City has a policy against the use of excessive force by its police officers.

    The City does not encourage or acquiesce to unlawful behavior. To the contrary, the City has a policy of reviewing complaints of unlawful behavior against police officers through an internal affairs process and to impose discipline on police officers when the circumstances warrant the imposition of discipline under the City's policies.

    The City's policy is to ensure that its police officers are properly trained and supervised and to impose discipline on police officers when the circumstances warrant the imposition of discipline under the City's policies.

    PURSUANT TO 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the forgoing is true and correct.

_____
Peter Kerns

_____
9.27.18
Date

Page 4 - Declaration of Peter Kerns.

CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing DECLARATION OF PETE KERNS IN SUPPORT OF FRCP 56 MOTION FOR SUMMARY JUDGMENT BY DEFENDANTS STUTESMAN, GROSE, PIESKE, McALPINE, AND CITY OF EUGENE on Plaintiffs on Friday, September 28, 2018, by notice of electronic filing using the CM/ECF System:

Mr. Timothy R. Volpert
Email: tim@timvolperlaw.com
Tim Volpert PC
610 SW Alder Street, Suite 415
Portland, OR 97205

Mr. Andrew M. Stroth
Email: astroth@actioninjurylawgroup.com
Action Injury Law Group, LLC
191 N. Wacker Drive, Suite 2300
Chicago, IL 60606

  Attorneys for Plaintiffs

Dated: Friday, September 28, 2018.

                /s/ Robert E. Franz, Jr.
                LAW OFFICE OF ROBERT E. FRANZ, JR.
                Robert E. Franz, Jr.    OSB #730915
                P.O. Box 62
                Springfield, Oregon 97477
                E-Mail: rfranz@franzlaw.comcastbiz.net
                Telephone: (541) 741-8220
                Facsimile: (541) 741-8234
                  Attorneys for Defendants
                  Will Stutesman, Matthew Grose,
                  Nathan Pieske, Malcolm McAlpine,
                  and the City of Eugene