Timothy R. Volpert, OSB No. 814074
tim@timvolpertlaw.com
Tim Volpert PC
610 SW Alder Street, Suite 415
Portland, Oregon 97205
(503) 703-9054

Andrew M. Stroth (Pro Hac Vice)
Carlton Odim (Pro Hac Vice to be filed)
Amanda Yarusso (Pro Hac Vice to be filed)
astroth@actioninjurylawgroup.com
Action Injury Law Group, LLC
191 N. Wacker Drive, Suite 2300
Chicago, IL  60606
(844) 878-4529

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## EUGENE DIVISION

| | |
|---|---|
| **RONDA MCGOWAN, Personal Representative for the Estate of Brian Babb, LEE BABB, CONNOR BABB, by and through his Guardian Ad Litem, STEPHANIE WOODCOCK, and KAYLEE BABB,**<br><br>Plaintiffs,<br><br>vs.<br><br>**WILL STUTESMAN, OFFICER GROSE OFFICER PIESKE Sgt. MCALPINE, CITY OF EUGENE, a municipal subdivision of the State of Oregon, JANE DOE CALL TAKER, John and Jane Does 1-10,**<br><br>Defendants. | Case No.  6:17-cv-00424-TC<br><br>PLAINTIFFS' MOTION FOR LEAVE TO TAKE ADDITIONAL DISCOVERY AND FOR SANCTIONS<br><br>Oral Argument Requested |

Page 1 - Plaintiffs' Motion to Strike and Motion for Leave to File Sur-Reply

Plaintiffs Ronda McGowan, Personal Representative for the Estate of Brian Babb, Lee Babb, Connor Babb, by and through his Guardian Ad Litem, Stephanie Woodcock, and Kaylee Babb, through their attorneys, submit the following Motion to Strike portions and exhibits to the Defendants' Reply in support of their Motion for Summary Judgment and Motion (in the alternative) for Leave to File a Sur-Reply. In support of their motions, Plaintiffs state as follows:

Defendants have filed, with their reply, proffered evidence in the form of declarations and exhibits, that were not submitted with the opening motion and, in the case of the photographs taken by Office DeWitt, that were *never before provided* to Plaintiffs until after Plaintiffs filed their response to Defendants' motion for summary judgment. The Court should refuse to consider this new evidence and disregard the arguments relying on the evidence in ruling on Defendants' motion for summary judgment; alternatively, the Court must allow Plaintiffs an opportunity to respond in the form of a sur-reply.

As a general rule, a "movant may not raise new facts or arguments in his reply brief." *Quinstreet, Inc v. Ferguson*, 2008 WL 5102378, at *4 (W.D. Wash. 2008), citing *United States v. Puerta*, 892 F.2d 1297, 1300 n.1 (9th Cir. 1992). "Where new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the [non-]movant an opportunity to respond.". *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996), citing *Black v. TIC Inv. Corp.,* 900 F.2d 112, 116 (7th Cir.1990). "New evidence submitted as part of a reply is improper, because it does not allow the defendant an adequate opportunity to respond." *Townsend v. Monster Beverage Corp.,* 303 F. Supp. 3d 1010, 1027 (C.D. Cal. 2018). "For this reason, the district court may decline to consider new evidence or arguments raised in reply, and generally should not consider the new evidence without giving the non-movant an opportunity to respond." *Id.,* citing *Provenz* at 1483.

Moreover, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). "District courts have wide latitude to impose discovery sanctions pursuant to Rule 37(c)(1), including striking late-disclosed evidence." *Cascade Yarns, Inc. v. Knitting Fever, Inc.*, No. 2:10-CV-861 RSM, 2014 WL 11881033, at *3 (W.D. Wash. Apr. 14, 2014), citing to *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.,* 259 F.3d 1101, 1106 (9th Cir. 2001). In *Cascade Yarns*, the court struck from the evidence a webpage not disclosed during discovery and presented for the first time upon reply to summary judgment. Id.

For the first time, attached as exhibits to their reply brief, Defendants present the following testimonial and photographic evidence:

1. Photographs of Mr. Babb's porch, his fallen body and a rifle, purportedly taken by Officer DeWitt approximately six minutes after Defendant Stutesman shot Mr. Babb.

2. Declaration by Officer DeWitt testifying as to the foundation of these photos.

3. Declarations by Officers Warden and Clark with exhibit of google map/aerial photo alleging that Warden and Clark were in a specific location (behind the fence of Babb's residence) at the time of certain radio transmissions.

First, as to the photos and declaration from Officer DeWitt, these photos were never tendered in discovery. At the deposition of Officer DeWitt on October 3, 2017, (former) Plaintiffs' counsel asked that they be tendered. Prior to filing Plaintiffs' summary judgment response, on November 9, 2018, Plaintiffs' current counsel emailed defense counsel, Mr. Franz, reiterating the request for the photos. It was not until after Plaintiffs' response was due and filed (November 13, 2018), that Defendants sent a CD containing certain photos to Plaintiffs' *local counsel only*, on November 27, 2018; Mr. Franz never responded to Plaintiffs' counsel's

November 9, email requesting the photos. Defendants represented in a cover letter accompanying the photos that the photos were taken by four individuals (DeWitt, and three others) without specifying which photos were taken by whom and when.

After failing to disclose any of these photos in discovery or prior to Plaintiffs' response to summary judgment was filed, Defendants then included the DeWitt photos in their reply and accused the Plaintiffs of misrepresenting to the Court that there was no evidence of the rifle on the porch or near Mr. Babb immediately following the shooting. At the time Plaintiffs submitted their response, there was no evidence – Defendants had not tendered the photos or any other evidence despite Plaintiffs' requests and despite Defendants' duty to disclose under the Federal Rules of Civil Procedure governing written discovery. Thus, Defendants deprived Plaintiffs of the opportunity to address the photos in the summary judgment briefing and falsely accused Plaintiffs of impropriety with the Court. Plaintiffs have also been deprived of the opportunity to conduct discovery regarding the Dewitt photos and other photos Defendants disclosed on the eve of their reply brief, a matter addressed in Plaintiffs' contemporaneously-filed motion for additional discovery and sanctions. The Court should strike and disregard the photos and DeWitt's declaration, included in the reply for the first time, and withheld from the Plaintiffs during discovery and summary judgment briefing.

Second, Defendants included a google map / aerial photo with declarations by Officers Warden and Clark as evidence that Warden was outside of the fence surrounding Mr. Babb's residence until after the bear cat broke through the fence. Defendants also point to certain radio transmissions wherein Warden makes reference to going over the fence and entering the residence through a "slider" (presumably a sliding glass door at the rear of the property). This map and declarations are new evidence offered by Defendants to establish that Warden did not approach the property prior to the bear cat broke through the fence and filmed the front door area

of Babb's residence. The Court should strike this evidence and disregard any arguments based on the evidence as they are presented for the first time in the reply brief and Plaintiff has not had an opportunity to respond or cross-examine the officers on the subject.

## <u>CONCLUSION</u>

For all of the above reasons, this Court should strike the following exhibits and portions of Defendants' reply brief in support of their motion for summary judgment:

1. Exhibits 129 (ECF Doc. 49-1) and 130 (ECF Doc. 50-1);

2. Declarations of Officer DeWitt (ECF Doc. 50) and declarations of Officers Clark and Warden (ECF Doc. 49, 53.);

3. Reply brief at pages (ECF Doc. 47).

Alternatively, the Court should grant Plaintiffs leave to file a sur-reply.

|  | By: <u>s/ Timothy Volpert</u><br>Timothy R. Volpert, OSB No. 814074<br>tim@timvolpertlaw.com<br>Tim Volpert PC<br>610 SW Alder Street, Suite 415<br>Portland, Oregon 97205<br>(503) 703-9054<br><br>Andrew M. Stroth (Pro Hac Vice)<br>Carlton Odim (Pro Hac Vice to be Filed)<br>Amanda Yarusso (Pro Hac Vice to be Filed)<br>astroth@actioninjurylawgroup.com<br>Action Injury Law Group, LLC<br>191 N. Wacker Drive, Suite 2300<br>Chicago, IL  60606<br>(844) 878-4529<br><br>*Attorneys for Plaintiffs* |
|---|---|

CERTIFICATE OF SERVICE

I certify that on January 11, 2019, the foregoing PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' REPLY TO FRCP 56 MOTION FOR SUMMARY JUDGMENT, AND, IN THE ALTERNATIVE, MOTION FOR LEAVE TO FILE SUR-REPLY was filed electronically with the Court. Notice of this filing will be accomplished pursuant to ECF as to Filing Users and complies with Local Rules as to any party who is not a Filing User or represented by a Filing User. Parties may access this filing through the Court's system.

| | |
|---|---|
| | By: s/ Timothy Volpert <br> Timothy R. Volpert, OSB No. 814074 <br> tim@timvolpertlaw.com <br> Tim Volpert PC <br> 610 SW Alder Street, Suite 415 <br> Portland, Oregon 97205 <br> (503) 703-9054 <br><br> Andrew M. Stroth (Pro Hac Vice) <br> Carlton Odim (Pro Hac Vice to be Filed) <br> Amanda Yarusso (Pro Hac Vice to be Filed) <br> astroth@actioninjurylawgroup.com <br> Action Injury Law Group, LLC <br> 191 N. Wacker Drive, Suite 2300 <br> Chicago, IL 60606 <br> (844) 878-4529 <br><br> *Attorneys for Plaintiffs* |