Timothy R. Volpert, OSB No. 814074
tim@timvolpertlaw.com
Tim Volpert PC
610 SW Alder Street, Suite 415
Portland, Oregon 97205
(503) 703-9054

Andrew M. Stroth (Pro Hac Vice)
Carlton Odim (Pro Hac Vice to be filed)
Amanda Yarusso (Pro Hac Vice to be filed)
astroth@actioninjurylawgroup.com
Action Injury Law Group, LLC
191 N. Wacker Drive, Suite 2300
Chicago, IL 60606
(844) 878-4529

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **RONDA MCGOWAN, Personal Representative for the Estate of Brian Babb, LEE BABB, CONNOR BABB, by and through his Guardian Ad Litem, STEPHANIE WOODCOCK, and KAYLEE BABB,**<br><br>Plaintiffs,<br><br>vs.<br><br>**WILL STUTESMAN, OFFICER GROSE OFFICER PIESKE Sgt. MCALPINE, CITY OF EUGENE, a municipal subdivision of the State of Oregon, JANE DOE CALL TAKER, John and Jane Does 1-10,**<br><br>Defendants. | Case No. 6:17-cv-00424-TC<br><br>PLAINTIFFS' MOTION FOR LEAVE TO TAKE ADDITIONAL DISCOVERY AND FOR SANCTIONS |

Plaintiffs Ronda McGowan, Personal Representative for the Estate of Brian Babb, Lee Babb, Connor Babb, by and through his Guardian Ad Litem, Stephanie Woodcock, and Kaylee Babb, through their attorneys, submit the following Motion for Leave to Take Additional Discovery and for Sanctions. In support of their motion, Plaintiffs state as follows:

On November 27, 2018, Defendants tendered a disc containing 77 digital photographs to Plaintiffs' local counsel (only). The accompanying cover letter states that the photographs were taken by Officer DeWitt, Robert Meador, Matthew Herbert and Paul Bishop. (Exhibit 1, November 27, 2018, Letter.) These photographs were not disclosed during discovery and were not tendered until after Plaintiffs responded to Defendants' Motion for Summary Judgment. Furthermore, the DeWitt photographs were specifically requested during DeWitt's deposition and again prior to the filing date of Plaintiffs' response to summary judgment. Defendants provided no explanation for the late disclosure of the photographs, or the circumstances (how, when, where) by which the four individuals took and stored the numerous photographs.

Rule 26(e)(1)(A) of the Federal Rules of Civil Procedure states that a party must supplement or correct its disclosures or discovery responses "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed.R.Civ.P. 26(e)(1)(A). Rule 37(a)(3) and 37(c)(1)(A) provide for remedies for non-disclosures: in the form of orders compelling Defendants to comply with discovery and sanctions imposing on Defendants the fees and costs incurred as a result of the discovery violation. Sanctions under Rule 37 for non-disclosure are described as "self-executing" and "automatic" to "provide[ ] a strong inducement for disclosure of material..." by the Advisory Committee's Notes to the 1993 Amendments. Fed.R.Civ.P. 37

advisory committee's note (1993); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)

Defendants are also prohibited from using these photographs in their reply by Rule 37(c)(1) of the Federal Rules of Civil Procedure, which states: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or was harmless." Fed.R.Civ.P. 37(c)(1). Defendants have the burden of demonstrating that their extremely belated disclosure of photographs was substantially justified or harmless. *Yeti*, 259 F.3d at 1106.

This Court has considerable discretion in determining the appropriate sanctions for a party's failure to timely disclose witnesses or evidence. "Under Fed.R.Civ.P. 37(c)(1), the Court has the authority to impose other appropriate sanctions, including those listed in Rule 37(b)(2)(A)(i)-(vi)." *NW Pipe Co. v. DeWolff, Boberg & Assocs., Inc.*, No. EDCV 10-0840-GHK, 2012 WL 137585, at *5 (C.D. Cal. Jan. 17, 2012). In *NW Pipe Co.*, the court ordered the non-compliant party to supplement discovery, reopened discovery concerning the limited matter of the late disclosure (damages), and imposed monetary sanctions, as well as the payment of reasonable attorneys' fees and costs of bringing the motion. *Id.*, 2012 WL 137585, at *5-6.

At the deposition of Officer DeWitt on October 3, 2017, Plaintiffs' (former) counsel asked that photographs taken by DeWitt be identified and, if not already produced, tendered. Prior to filing Plaintiffs' summary judgment response, on November 9, 2018, Plaintiffs' current counsel emailed defense counsel, Mr. Franz, reiterating the request for the photos. (Exhibit 2, November 9, 2018, Email.) It was not until after Plaintiffs' response was due and filed (November 13, 2018), that Defendants sent a CD containing certain photos to Plaintiffs' *local counsel only*, on November 27, 2018; Mr. Franz never responded to Plaintiffs' counsel's

November 9 email requesting the photos. Not only did Defendants ignore Plaintiffs' requests for the DeWitt photos, the existence of photos taken by three other individuals was a complete unknown. All the photographs should have been tendered long ago during discovery as responsive to Plaintiffs' request for production number four, which asked for, among other things, "all…photographs generated by any agency." Furthermore, Rule 26 of Federal Rule of Civil Procedure requires the disclosure of the photos (and supplementation of such disclosures).

After failing to disclose any of these photos in discovery or prior to Plaintiffs' response to summary judgment was filed, Defendants then had the audacity to attach the DeWitt photos as an exhibit to their reply brief and accuse Plaintiffs of a misrepresentation to the Court. After reviewing Defendants' reply and the belatedly tendered photographs, Plaintiffs requested that Defendants provide for inspection the camera and storage device used for the photographs taken by DeWitt, and asked to take depositions of the four individuals identified as the photographers of the late-disclosed photos, in order to determine if all photos have been tendered and the chain of custody for the photos. Defendants denied Plaintiffs' requests entirely and provided no further information to explain the late disclosure, to describe the manner of taking and storing the photographs, or to provide any assurances that all photographs in Defendants' possession, control or knowledge have been produced. (Exhibit 3, December and January Emails.)

## **CONCLUSION**

For all of the above reasons, this Court should grant Plaintiffs leave to conduct the following discovery regarding the late-disclosed photographs and compel Defendants to provide the following:

1. Inspection of all cameras and storage devices used to take and store the digital photographs;

2. Depositions of Officer DeWitt, Robert Meador, Matthew Herbert and Paul Bishop;

3. Declaration from Defendants' representative verifying that all photographs in their possession, control or knowledge have been tendered, and that no further evidence is being withheld.

In addition, the Court should impose sanctions against Defendants in the form of requiring them to bear all costs and attorneys' fees associated with bringing this motion and conducting the additional discovery. The Court should also strike the photographs from the Defendants' reply as a sanction mandated under Rule 37(c)(1).

By: s/ Timothy Volpert
Timothy R. Volpert, OSB No. 814074
tim@timvolpertlaw.com
Tim Volpert PC
610 SW Alder Street, Suite 415
Portland, Oregon 97205
(503) 703-9054

Andrew M. Stroth (Pro Hac Vice)
Carlton Odim (Pro Hac Vice to be Filed)
Amanda Yarusso (Pro Hac Vice to be Filed)
astroth@actioninjurylawgroup.com
Action Injury Law Group, LLC
191 N. Wacker Drive, Suite 2300
Chicago, IL 60606
(844) 878-4529

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

      I certify that on January 11, 2019, the foregoing PLAINTIFFS' MOTION FOR LEAVE TO TAKE ADDITIONAL DISCOVERY AND FOR SANCTIONS was filed electronically with the Court. Notice of this filing will be accomplished pursuant to ECF as to Filing Users and complies with Local Rules as to any party who is not a Filing User or represented by a Filing User. Parties may access this filing through the Court's system.

      By: <u>s/ Timothy Volpert</u>
Timothy R. Volpert, OSB No. 814074
tim@timvolpertlaw.com
Tim Volpert PC
610 SW Alder Street, Suite 415
Portland, Oregon 97205
(503) 703-9054

Andrew M. Stroth (Pro Hac Vice)
Carlton Odim (Pro Hac Vice to be Filed)
Amanda Yarusso (Pro Hac Vice to be Filed)
astroth@actioninjurylawgroup.com
Action Injury Law Group, LLC
191 N. Wacker Drive, Suite 2300
Chicago, IL 60606
(844) 878-4529

*Attorneys for Plaintiffs*

# Exhibit #1

**ROBERT E. FRANZ, JR.**
**Office of Attorneys and Counselors**
P.O. Box 62
Springfield, Oregon 97477
Phone: (541) 741-8220
FAX: (541) 741-8234
Internet: rfranz@franzlaw.comcastbiz.net

Robert E. Franz, Jr.*
Sarah R. Henderson

*Admitted in Oregon,
Washington & Idaho
Theresa L. Franz,
Legal Assistant

Tuesday, November 27, 2018

Mr. Timothy R. Volpert
Tim Volpert PC
610 SW Alder Street, Suite 415
Portland, OR 97205

    RE: **McGowan, et al. v. Stutesman, Et al.**
        **U.S. District Court Civil Case No. 6:17-cv-00424-TC**

Dear Mr. Volpert:

Enclosed is a CD containing the photographs taken by Officer DeWitt of the Eugene Police Department that he referred to in his deposition. We have also enclosed photographs taken by Robert Meador, Matthew Herbert, and Paul Bishop. I don't know if these were previously given to the Plaintiffs. I also came late to the lawsuit.

Please do not hesitate to call with any questions or concerns.

                Sincerely,

                Robert E. Franz, Jr.

REF:tlf

Enclosure

# Exhibit #2



Amanda Yarusso <amanda.yarusso@gmail.com>

## Babbs v. Stutesman - Failure to Produce DeWitt Photographs

**Carlton Odim** <carlton@actioninjurylawgroup.com>  Fri, Nov 9, 2018 at 12:04 PM
To: "Robert Franz jr." <rfranz@franzlaw.comcastbiz.net>
Cc: "Andrew M. Stroth" <astroth@actioninjurylawgroup.com>, Amanda Yarusso <amanda.yarusso@gmail.com>

Bob,

The deposition transcript of Officer Derek Dewitt is attached. There is an exchange from pages 49-52 about photographs DeWitt took at the scene with a camera given to him by Stutesman. These photographs are not among those produced by defendants in response to plaintiff's request for production number 4, which asked for, among other things, "all… photographs generated by any agency."

Would you please have the Dewitt photographs immediately sent to me by email or posted to a cloud repository with a link for me to retrieve them?

I can reached on my cell-phone at (312) 927-3354.

Thank-you,

Carlton


Carlton Odim

### Odim Law Offices

225 West Washington Street

Suite 2200

Chicago, Illinois 60606

e-mail: carlton@odimlawoffices.com
Tel: (312) 578-9390
Fax: (312) 924-0201

This communication, along with any documents, files or attachments, is
intended only for the use of the intended addressee and may contain legally
privileged and confidential information.  If you are not the intended
recipient, you are hereby notified that any dissemination, distribution or
copying of any information contained in or attached to this communication is
strictly prohibited.  If you have received this message in error, please
notify the sender immediately and destroy the original communication and its
attachments without reading, printing or saving them.  This communication
does not form any contractual obligation on behalf of the sender or Odim Law
Offices.

📄 **Derek Dewitt condensed.pdf**
579K



# Exhibit #3



Amanda Yarusso <amanda.yarusso@gmail.com>

# Babb case - photographs

**Robert Franz jr.** <rfranz@franzlaw.comcastbiz.net>     Mon, Jan 7, 2019 at 4:28 PM
To: Carlton Odim <carlton@actioninjurylawgroup.com>
Cc: "Andrew M. Stroth" <astroth@actioninjurylawgroup.com>, Amanda Yarusso <amanda.yarusso@gmail.com>, Tim Volpert <tim@timvolpertlaw.com>

Your request is denied.

_____

Robert E. Franz, Jr.  OSB 730915

rfranz@franzlaw.comcastbiz.net

Law Office of Robert E. Franz Jr.

P.O. Box 62

Springfield, Oregon 97477

(541) 741-8220

---

**From:** Carlton Odim <carlton@actioninjurylawgroup.com>
**Date:** Monday, January 7, 2019 at 7:05 AM
**To:** robertcomcast <rfranz@franzlaw.comcastbiz.net>
**Cc:** "Andrew M. Stroth" <astroth@actioninjurylawgroup.com>, Amanda Yarusso <amanda.yarusso@gmail.com>, Tim Volpert <tim@timvolpertlaw.com>
**Subject:** Re: Babb case - photographs

Dear Bob,

FRCP 26 (e) (Supplementing Disclosures and Responses) provides:

> "(1)  In General. A party who has made a disclosure under Rule 26(a) – or who has responded to an interrogatory, request for production, or request for admissions—must supplement or correct its disclosure or response:
>
> > (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and in the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing;"

On November 27, 2018, defendants for the first time disclosed certain photographs, allegedly taken by Officer DeWitt, Officer Meador, Officer Herbert and Officer Bishop ("New Photographs"). There is no indication in the disclosure which of the photographs were taken by which officer or whether the disclosed photographs represent 100% of the photographs taken by each of the identified officers.

By disclosing the New Photographs <u>for the first time</u> at the time of defendants' reply to plaintiff's response to summary judgment, defendants violated their FRCP 26 (e) duty to timely supplement their responses to plaintiff's requests for production of documents. Your December 30, 2018 email to Andrew Stroth and Defendants' use of the photographs in their summary judgment reply is a testament to the fact that defendants' "learn[ed]  (over a year ago, to use your language) that in some material respect" that their initial disclosure of photographs taken at the scene was incomplete.

Defendants "gaming" of the disclosure of the New Photographs to coincide with their reply to plaintiff's response to their dispositive motion has prejudiced the plaintiff, by depriving the plaintiff of the opportunity to consider the evidentiary value and weight of the New Photographs in preparing plaintiff's response to summary judgement. Plaintiff is further prejudiced by having no procedural right to file a sur-reply to address the New Photographs.

Plaintiff asks that you withdraw Defendants' motion for summary judgment without prejudice and agree to plaintiff's request to reopen discovery for the limited purpose of addressing the New Photographs.

I am available most of today to discuss this further by phone at (312) 927-3354.

Carlton


> On Dec 30, 2018, at 9:23 PM, Robert Franz jr. <rfranz@franzlaw.comcastbiz.net> wrote:
>
>
> We are not going to re-open discovery in this case.  Discovery in this case lasted for over a year.  The Plaintiffs have already taken the Deposition of DeWitt and knew about the photos from the beginning of this lawsuit:  Bearcat video shows DeWitt taking photos; OSP reports refers to Photos; DeWitt answered all Deposition questions from the Plaintiffs about the Photos.
>
>
>
> _____
>
> Robert E. Franz, Jr.   OSB 730915
>
> rfranz@franzlaw.comcastbiz.net
>
> Law Office of Robert E. Franz Jr.
>
> P.O. Box 62
>
> Springfield, Oregon 97477
>
> (541) 741-8220
>
>
> **From:** Andrew Stroth <astroth@actioninjurylawgroup.com>
> **Date:** Thursday, December 27, 2018 at 10:30 AM
> **To:** robertcomcast <rfranz@franzlaw.comcastbiz.net>
> **Cc:** Carlton Odim <Carlton@actioninjurylawgroup.com>, Amanda Yarusso <amanda.yarusso@gmail.com>, Tim Volpert <tim@timvolpertlaw.com>
> **Subject:** Babb case - photographs

Mr. Franz, at this point in time, we would like to inspect Officer Dewitt's camera and storage with respect to the photographs taken at the scene of Brian Babb shooting. As part of this, we would also like to depose Officer Dewitt, Officer Meador, Officer Herbert and Officer Bishop regarding how these photos were taken, stored and then tendered to you. We want to make sure we have all of the actual photographs and understand the chain of custody.

Please advise.

Thank you.

Andrew M. Stroth

—

**ANDREW M. STROTH, ESQ.**
Managing Partner

**Action Injury Law Group, LLC**
191 North Wacker Drive, Suite 2300
Chicago, IL 60606

**T** 844.878.4LAW (4529)
**C** 312.771.2444
**F** 312.641.6866

**actioninjurylawgroup.com**

—

A Civil Rights Law Firm

—

LEGAL DISCLAIMER: The material in this email has been prepared by Action Injury Law Group, LLC for informational purposes only. It should not be construed as legal advice or legal opinion on any specific facts or circumstances. Individuals should not act upon any information provided in this email, and should seek the advice of legal counsel licensed in their state.

Action Injury Law Group, LLC, practices law within the State of Illinois. This email is directed solely to those persons seeking information regarding claims based on Illinois law.

No action related to the transmission, reading, distribution, or submission of information by, from, or to this email or to Action Injury Law Group, LLC via this email, will establish an attorney-client relationship with Action Injury Law Group, LLC. An attorney-client relationship with Action Injury Law Group, LLC can only be created after consultation with our attorneys, and after you put your signature on our Client Representation Agreement. This email is not an offer to provide you with legal representation.

Carlton Odim

Odim Law Offices
225 West Washington Street
Suite 2200
Chicago, Illinois 60606

e-mail: carlton@odimlawoffices.com
Tel: (312) 578-9390
Fax: (312) 924-0201

This communication, along with any documents, files or attachments, is intended only for the use of the intended addressee and may contain legally

privileged and confidential information.  If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of any information contained in or attached to this communication is strictly prohibited.  If you have received this message in error, please notify the sender immediately and destroy the original communication and its attachments without reading, printing or saving them.  This communication does not form any contractual obligation on behalf of the sender or Odim Law Offices.

# CERTIFICATE OF SERVICE

      I certify that on January 11, 2019, the foregoing PLAINTIFFS' MOTION FOR LEAVE TO TAKE ADDITIONAL DISCOVERY AND FOR SANCTIONS was filed electronically with the Court. Notice of this filing will be accomplished pursuant to ECF as to Filing Users and complies with Local Rules as to any party who is not a Filing User or represented by a Filing User. Parties may access this filing through the Court's system.

> By: s/ Timothy Volpert
> Timothy R. Volpert, OSB No. 814074
> tim@timvolpertlaw.com
> Tim Volpert PC
> 610 SW Alder Street, Suite 415
> Portland, Oregon 97205
> (503) 703-9054
>
> Andrew M. Stroth (Pro Hac Vice)
> Carlton Odim (Pro Hac Vice to be Filed)
> Amanda Yarusso (Pro Hac Vice to be Filed)
> astroth@actioninjurylawgroup.com
> Action Injury Law Group, LLC
> 191 N. Wacker Drive, Suite 2300
> Chicago, IL 60606
> (844) 878-4529
>
> *Attorneys for Plaintiffs*